IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS | § | |
|     TDCJ-CID #1491596 | § | |
| v. | § | C.A. NO. C-08-304 |
| | § | |
| ROEL MIRELES, ET AL | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING ACTION

This case was filed as a civil rights action by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against Lieutenant Roel Mireles and Captain Daman Thomas are retained, and service is ordered on these defendants. Plaintiff's claims against Warden Neiderhauser, Harvey G. Lappin, and Ronald G. Thompson are dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(B)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 21), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 22).  See 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently confined at the Cotulla Unit in Cotulla, Texas, although his complaints concern events that occurred while he was housed at the Brooks County Detention Center ("BCDC"),[1] a private jail facility providing temporary placement for federal prisoners. He filed this lawsuit on September 17, 2008, alleging that two BCDC officers, Captain Thomas and Lieutenant Mireles, used excessive force against him.  (D.E. 1).  He also sued the BCDC warden, Warden Niderhauser, as well as two officials with the Bureau of Prisons ("BOP"), Harvey G. Lappin, BOP Director, and Ronald G. Thompson, BOP Regional Director, alleging that these individuals were personally responsible for any constitutional violations occurring at the BCDC.

A Spears[2] hearing was held on November 12, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

---

[1] Plaintiff testified that he is not suing the BCDC.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On December 11, 2006, plaintiff was incarcerated at the BCDC and was housed in segregation because he did not like to be around a large number of people. (D.E. 1, at 3). He woke up hungry and pushed the cell "call button," located above his head when lying in the bunk, to ask the time. Id. He thought it was lunch time and he wanted his meal. Id. Plaintiff was still lying down on his bunk when Captain Thomas and Lieutenant Mireles entered his cell. They began asking plaintiff why he was bothering the guards by pressing the call button repeatedly. Plaintiff remained lying on his bunk and nodded that he was listening. Id. Then Lieutenant Mireles walked toward the door and looked out, while Captain Thomas struck plaintiff in the stomach area with his left hand, and then again in the ribs, causing him to curl up. Captain Thomas then hit him two to three more times.

Plaintiff looked up and out the door, and made eye-contact with a female officer who witnessed the assault. Id. He then looked at Lieutenant Mireles, who struck him in the left collar bone, on his body, and twice on his arms after he again curled up. Id. The two officers then left, laughing as they walked out. Plaintiff asked them for a grievance form, but he never received it.

Four days later, plaintiff was sentenced in federal court and later that month was transferred. In February or March of 2007, he was taken to the Federal Detention Center in Houston, where he received a routine chest x-ray. He was still bruised on his left-side and collar bone at that time.

### III.  DISCUSSION

A.    **Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

B.    **Plaintiff's Claim For Excessive Force.**

Plaintiff claims that Lieutenant Mireles and Captain Thomas used excessive force against him when they entered his cell and struck him repeatedly without justification.  He claims that BCDC Warden Niderhauser is legally responsible for the acts of his officers, and that BOP administrators Harvey Lappin and Ronald Thompson are also liable for his injuries because they contracted with the BCDC to provide custody to the BOP to pre-trial detainees.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis*, but not necessarily

4

significant.  See Hudson v. McMillian, 503 U.S. 1, 6-7, 10, (1992) (stating that a claimant must show officials applied force maliciously and sadistically for the very purpose of causing harm); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  There are three factors to consider: "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between that need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response."  Gomez, 163 F.3d at 923.

Plaintiff has alleged sufficient facts to state a claim of excessive force against Lieutenant Mireles and Captain Thomas.  Taking plaintiff's allegations as true, these officers used force even though plaintiff was merely lying on his bunk, posing no physical threat to either officer.  On its face, the force appears excessive.  Moreover, he testified that he sustained serious injuries from which he is still recovering.  Accordingly, plaintiff's Eighth Amendment claims against these two defendants are retained, and service will be ordered on them.

As to Warden Niderhauser, plaintiff admitted that he was suing this defendant simply because "he's in charge" of the BCDC.  That is, plaintiff seeks to hold Warden Niderhauser liable on a theory of *respondeat superior*.

It is well established that "personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); see also Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (requiring affirmative link between injury and defendant's conduct).  Supervisory officials may be held liable only if they affirmatively participate in acts that cause the constitutional deprivation, or if they implement unconstitutional

policies that causally result in plaintiff's injury.  Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff admitted that he is attempting to hold Warden Niderhauser liable for the actions of his subordinates.  There is no allegation that Warden Niderhauser participated in the excessive force, or implemented an unconstitutional policy.  As such, plaintiff fails to state a claim against Warden Niderhauser, and plaintiff's claims against this defendant will be dismissed.

Similarly, plaintiff attempts to hold BOP Director Lappin and Regional Director Thompson liable on the grounds that the BOP contracted with the BCDC to house federal prisoners.  Assuming that there is a contract between the BOP and the BCDC, this contractual relationship does not amount to personal involvement in the alleged excessive force, and plaintiff has not sued the BCDC, nor has he alleged that BCDC implemented an unconstitutional policy.  See generally City of Canton v. Harris, 489 U.S. 378, 385 (1989) (noting that § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue.") (emphasis in original).  Thus, plaintiff's claims against the BOP defendants shall be dismissed for failure to state a claim.

### IV.  CONCLUSION

Based on the above, it is therefore ORDERED that:

(1) Plaintiff's excessive force claim against Lieutenant Mireles and Captain Thomas are retained, and service ordered on these defendants.

(2) Plaintiff's claims against defendants Warden Niderhauser, Harvey Lappin, and Ronald Thompson are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b)(1).

(3)     The Clerk shall remove from the docket Brooks County Detention Center as a named defendant.

ORDERED this 8th day of December 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE