IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS § | | |
| TDCJ-CID # 1491596 § | | |
| v. § | | C.A. NO. C-08-304 |
| § | | |
| ROEL MIRELES, ET AL. § | | |

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

In this § 1983 civil rights action, plaintiff claims that defendants Lieutenant Roel Mireles and Captain Damon Thomas used excessive force against him. (D.E. 1). Defendants move for summary judgment on the grounds of qualified immunity and failure to exhaust administrative remedies. (D.E. 38). Plaintiff failed to file a response.[1] For the reasons stated herein, the defendants' motion for summary judgment is hereby GRANTED.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent of the parties, (D.E. 21, 36), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 37); see also 28 U.S.C. § 636(c).

**II. BACKGROUND**

Plaintiff is currently in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, but at all times relevant to the facts of this lawsuit was incarcerated at the Brooks County Detention Center. He filed suit on September 17, 2008, naming as defendants Brooks County Detention Center; Henry G. Lappin, Director of the

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Federal Bureau of Prisons; Ronald G. Thompson, the Bureau of Prisons Regional Director; Warden Niderhauser, the warden of Brooks County Detention Center; Lieutenant Roel Mireles;[2] and Captain Damon Thomas.  (D.E. 1, at 2).  He claimed that Lieutenant Mireles and Captain Thomas had attacked him while he was in his cell, and that Director Lappin, Director Thompson, and Warden Niderhauser had supervisory authority over the officers.  Id.

On November 12, 2008, a Spears hearing was held.[3]  Following the hearing, an order was issued dismissing certain claims and retaining the case.  Plaintiff indicated that he was not suing Brooks County Detention Center, and it was dismissed as a defendant.  (D.E. 23, at 2).  His claims against Director Lappin, Director Thompson, and Warden Niderhauser were also dismissed.  Id. at 6.  His claims against Lieutenant Mireles and Captain Thomas for excessive force, however, were retained.  Id. at 5.

On May 19, 2009, defendants filed their motion for summary judgment.  Plaintiff has not filed a response.

### III.  SUMMARY JUDGMENT EVIDENCE AND PLAINTIFF'S ALLEGATIONS

In support of their motion for summary judgment, defendants offer the following:

Ex. A:  Affidavit of Kelli Savage, RN, medical supervisor at Brooks County Detention Center;

Ex. B:  Affidavit of Javier Aleman, current warden at Brooks County Detention Center;

Ex. C:  Affidavit of Captain Damon Thomas;

---

[2] Plaintiff's original complaint listed this defendant as Lieutenant Lou Mireles, but he later amended his complaint to reflect that the defendant's true name is Lieutenant Roel Mireles.  See (D.E. 16).

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given during a Spears hearing is incorporated into the pleadings).

      Ex. D: Affidavit of Lieutenant Roel Mireles;

(D.E. 38, Exs. A-D).

      Plaintiff has alleged the following facts, either in his complaint or in the Spears hearing:

      On December 11, 2006, plaintiff was incarcerated at the Brooks County Detention Center and was housed in segregation because he did not like to be around a large number of people. (D.E. 1, at 3). He woke up hungry and pushed the cell "call button," located above his head when lying in the bunk, to ask the time. Id. He thought it was lunch time and he wanted his meal. Id. Plaintiff was still lying down on his bunk when Captain Thomas and Lieutenant Mireles entered his cell. They began asking plaintiff why he was bothering the guards by pressing the call button repeatedly. Plaintiff remained lying on his bunk and nodded that he was listening. Id. Then Lieutenant Mireles walked toward the door and looked out, while Captain Thomas struck plaintiff in the stomach area with his left hand, and then again in the ribs, causing him to curl up. Captain Thomas then hit him two to three more times.

      Plaintiff looked up and out the door, and made eye-contact with a female officer who witnessed the assault. Id. He then looked at Lieutenant Mireles, who struck him in the left collar bone, on his body, and twice on his arms after he again curled up. Id. The two officers then left, laughing as they walked out. Plaintiff asked them for a grievance form, but he never received it.

      Four days later, plaintiff was sentenced in federal court and later that month was transferred. In February or March of 2007, he was taken to the Federal Detention Center in Houston, where he received a routine chest x-ray. He was still bruised on his left-side and collar bone at that time.

3

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants assert that plaintiff has failed to exhaust his administrative remedies. (D.E. 38, at 6). The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); accord Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001) (citations omitted); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 92-93 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead, or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216 (2007).

In an affidavit, Warden Aleman, the present warden at Brooks County Detention Center, testifies that he has reviewed plaintiff's records, and finds no record of any grievance ever having been filed by plaintiff, whether concerning this incident or any other. (D.E. 38, Ex. B, at 1). Moreover, plaintiff has not provided the Court with any documentation that he exhausted his administrative remedies. Accordingly, plaintiff has failed to exhaust administrative remedies.

The Fifth Circuit has recognized that the exhaustion requirement may, in rare circumstances, be excused where dismissal would be inefficient or would not further the purposes of the Prison Litigation Reform Act.  Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) (per curiam) (citing McCarthy v. Madigan, 503 U.S. 140, 146-49 (1992)).  For example, exhaustion may be excused where irregularities in the prison administrative system itself prohibited the plaintiff from doing so.  Id.; accord Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir. 1990).  An administrative remedy is not available where prison officials ignore or interfere with the prisoner's pursuit of relief.  Underwood, 151 F.3d at 296; accord Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982).

Here, although plaintiff claims that he was not given a grievance form by the defendants after the alleged assault, he does not explain why he could not obtain a grievance form at a later time.  See (D.E. 23, at 2).  There is no evidence of any circumstances warranting excusing plaintiff's failure to exhaust.  Accordingly, his claim is dismissed for failure to exhaust administrative remedies.  In the alternative, even if he had exhausted state remedies, plaintiff's claim would fail on the merits.

## V.  DISCUSSION

**A.     Summary Judgment Standard Of Review.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant.  Caboni v. General Motors Corp., 278 F.2d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.   Sovereign Immunity Bars Plaintiff's Claims For Money Damages Against Defendants In Their Official Capacities.**

Plaintiff has sued defendants in their official and individual capacities for money damages. "A suit against a prison employee in his official capacity is the same as a suit against the entity the employee represents." Kossie v. Crain, 602 F. Supp.2d 786, 790 (S.D. Tex. 2009) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). "The Eleventh Amendment bars a suit

for money damages against a state or state agency." Id. (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996)). A judgment may not be entered against a state officer in his official capacity for violating federal law in the past. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

To the extent plaintiff is suing defendants in their official capacities for money damages, those claims are barred by the Eleventh Amendment, and they are dismissed.

**C.     Defendants Are Entitled To Qualified Immunity.**

Plaintiff claims that he was lying in his bunk, pressing the call button to ask about dinner, when defendants entered his cell and struck him several times in the legs and torso, leaving him with bruises and swelling that would persist for months. See (D.E. 23, at 2-3).

Defendants move for summary judgment on the grounds of qualified immunity. The qualified immunity determination involves a two-step analysis: first, "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'" Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)). If a constitutional violation is alleged, the Court must next determine "whether the right was clearly established – that is, 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Id. at 624 (quoting Price, 256 F.3d at 369). Once defendants have invoked the defense of qualified immunity, the burden shifts to plaintiff to show that the defense is inapplicable. McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

Historically, the threshold question in a qualified immunity analysis has been whether a constitutional right would have been violated on the facts alleged. Saucier v. Katz, 533 U.S. 194, 200 (2001). The Supreme Court recently revisited the issue of qualified immunity in Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808 (2009), addressing whether the two-step analysis set forth in Saucier must be strictly adhered to, or whether the steps could be taken out of sequence. Id. at 816-18. Ultimately, the Court concluded that the two-step procedure need not be followed sequentially, while noting that it remained beneficial to follow it in many cases. Id. at 818.

    **1.**    **Step 1: Constitutional Violation.**

The Eighth Amendment prohibits cruel and unusual punishment. Prison officials must provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). Conditions that result in "unquestioned and serious deprivation of basic human needs," or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-10 (1992) (citations omitted). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834 (citations omitted).

Deliberate indifference is more than mere negligence. Id. at 835 (citation omitted). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. In other words, "the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837 (emphasis added).

The Second Circuit has noted that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973), <u>overruled on other grounds by</u> <u>Graham v. Connor</u>, 490 U.S. 386 (1989). "To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not 'applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm,' and that he suffered an injury." <u>Eason v. Holt</u>, 73 F.3d 600, 601-02 (5th Cir. 1996) (quoting <u>Hudson</u>, 503 U.S. at 7). The factors to consider in evaluating an excessive force claim include: "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." <u>Gomez v. Chandler</u>, 163 F.3d 921, 923 (5th Cir. 1999) (citation omitted).

The Fifth Circuit has emphasized that "*some* physical injury is an indispensable element of an Eighth Amendment excessive force claim." <u>Id.</u> (emphasis in original) (citations omitted). To support an excessive force claim, "a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor." <u>Id.</u> at 924. A <u>de minimis</u> use of force is not constitutionally recognizable as long as it is not "repugnant to the conscience of mankind." <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997) (quoting <u>Hudson</u>, 503 U.S. at 10). In <u>Siglar</u>, the Fifth Circuit found <u>de minimis</u> plaintiff's injuries consisting of a sore, bruised ear that

lasted three days.  Id.; see also Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (holding that "[a] physical injury is ... [a] condition requiring treatment by a medical care professional").

Both Captain Thomas and Lieutenant Mireles swore that they never struck plaintiff. (D.E. 38, Ex. C, D).  Plaintiff has provided no evidence to contradict their testimony beyond the allegations of his complaint.  Moreover, plaintiff's Brooks County medical records show that he reported no injury on the date of the alleged assault or thereafter; he approached medical staff only to ask for cough drops for a sore throat.  See (D.E. 38, Ex. A).  Indeed, he sought medical treatment one day after the alleged incident of excessive force for a sore throat and cough, but did not mention any of the injuries caused in this action.  Id.  Plaintiff does not provide any medical records from the Houston Federal Detention Center.  He also does not demonstrate how that injury was linked to the alleged December 10, 2006 incident of excessive force. Accordingly, plaintiff has failed to demonstrate that defendants ever used force against him; moreover, even if he had demonstrated that defendants struck him, he has not shown that he suffered more than a de minimis injury.  Therefore, he has failed to establish a violation of his constitutional rights, and defendants are granted summary judgment in their favor.

    **2.**    **Step 2: Objective Reasonableness.**

Where the plaintiff has failed to prove a constitutional violation, the Court need not examine the reasonableness of the defendants' actions.  See Saucier, 533 U.S. at 201.  Here, plaintiff has failed to demonstrate that Captain Thomas and Lieutenant Mireles violated his constitutional rights pursuant to the Eighth Amendment, and they are entitled to qualified immunity on his claims against them for excessive force.

## VI. CONCLUSION

For the reasons stated herein, defendants' motion for summary judgment, (D.E. 38), is GRANTED. Plaintiff's claims for money damages against defendants in their official capacities are barred by the Eleventh Amendment, and defendants are granted summary judgment in their favor dismissing those claims. Defendants are granted summary judgment in their favor on plaintiff's claim of excessive force. Plaintiff's claims against defendants in their individual capacities for money damages and in their official capacities for injunctive relief are dismissed with prejudice.

ORDERED this 2nd day of July 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE